

NUMBERS 13-08-00465-CR
13-08-00466-CR
13-08-00467-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PAIGE SANDOVAL A/K/A PAGE SANDOVAL,                     Appellant,

v.

THE STATE OF TEXAS,                                     Appellee.

### On appeal from the 148th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Paige Sandoval a/k/a Page Sandoval, pleaded guilty to three counts of

prostitution. *See* TEX. PENAL CODE ANN. § 43.02 (Vernon 2003). The trial court found the

evidence substantiated Sandoval's guilt as to each count, and after receiving evidence of

the enhancement allegations contained in the indictments, assessed punishment at eighteen months' imprisonment for each count, with the sentences to run consecutively.[1] In a single issue, Sandoval contends that the trial court erred in cumulating his sentences. The State concurs. We modify the trial court's judgments, and affirm them as modified.

## I. BACKGROUND

Sandoval was charged by indictment on May 29, 2008 with two offenses of prostitution. *See id.* On June 5, 2008, Sandoval was charged by indictment for an additional offense of prostitution.[2] *See id.* On July 1, 2008, Sandoval, without a plea agreement, pleaded guilty to each offense and "true" to the enhancement paragraphs in each indictment. The trial court found Sandoval guilty of each offense, found the prior convictions to be "true," and sentenced Sandoval to eighteen months' imprisonment for each offense, with the sentences to run consecutively.

## II. CUMULATION OF SENTENCES

Texas Penal Code Section 3.03 provides that "sentences shall run concurrently" when "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action." TEX. PENAL CODE ANN. § 3.03 (Vernon Supp. 2008). A defendant is prosecuted in a "single criminal action" when the offense

---

[1] The indictments alleged that Sandoval "had previously been convicted of three or more times of the offense of Prostitution . . . ." Although prostitution is a Class B misdemeanor, "[i]f the actor has previously been convicted three or more times of [prostitution] . . . the offense is a state jail felony." TEX. PENAL CODE ANN. § 43.02 (Vernon 2003).

[2] Each offense was assigned a separate cause number by the court below. The May 29th indictment charged Sandoval with one offense alleged to have occurred on April 23, 2008 and another offense alleged to have occurred on February 29, 2008. These offenses were assigned trial court cause numbers 08-CR-1834-E and 08-CR-1835-E, respectively. The offense charged in the June 5th indictment was alleged to have occurred on April 12, 2008, and it was given trial court cause number 08-CR-1924-E. On appeal, the April 23, 2008 offense has been assigned cause number 13-08-465-CR, the February 29, 2008 offense has been assigned cause number 13-08-466-CR, and the April 12, 2008 offense has been assigned cause number 13-08-467-CR.

arises out of the same criminal episode, even if multiple charging instruments provide the basis for prosecution. *LaPorte v. State*, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992). "Criminal episode" is defined as "the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person," where "the offenses are the repeated commission of the same or similar offenses." TEX. PENAL CODE ANN. § 3.01(2) (Vernon 2003). It is undisputed that Sandoval was "found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action." *See id.; see also Guidry v. State*, 909 S.W.2d 584, 585 (Tex. App.–Corpus Christi 1995, pet. ref'd) ("Section 3.01(2) does not impose a time differential between the commission of the same or similar offenses."). Therefore, pursuant to section 3.03, the trial court should have ordered the sentences to run concurrently. We sustain Sandoval's sole issue and modify his sentence accordingly. *See Beedy v. State*, 250 S.W.3d 107, 113 (Tex. Crim App. 2008) (holding that an unlawful cumulation order is remedied by deleting the cumulation order).

### III. CONCLUSION

We modify the trial court's judgments to delete that portion requiring the cumulation of sentences in these cases, and affirm the judgments as modified.

_____
ROGELIO VALDEZ
Chief Justice


Do not Publish. TEX. R. APP. P. 47.2(b)
Memorandum Opinion delivered and
filed this the 24th day of August, 2009.

3